IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS,<br><br>    Petitioner,<br><br>  vs.<br><br>J. BROWN, Warden,<br><br>    Respondent. | No. C 04-04758 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the California State Prison - San Quentin, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the California Board of Prison Terms' ("BPT") August 25, 2003 decision to deny him parole. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of San Mateo of first degree murder (Cal. Penal Code § 187), robbery (Cal. Penal Code § 211), and use of a firearm (Cal. Penal Code § 12022.5). Petitioner was sentenced to 25 years to life in

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.04\Williams04758_osc.wpd

state prison with a minimum eligible parole date of February 15, 2004.  (Pet. at 1.)

On August 25, 2003, petitioner appeared before the BPT for an initial parole hearing.  The BPT denied parole for a period of three years.  Petitioner challenged the BPT's decision in the state courts, and on October 13, 2004, the Supreme Court of California denied review.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B. Legal Claims

Petitioner seeks federal habeas corpus relief from the BPT's August 25, 2003 decision finding him not suitable for parole on two grounds: 1) the BPT is violating due process by failing to properly administer Penal Code § 3041, and 2) the BPT's mischaracterization of his crime in their decision to deny parole violates due process.  Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.04\Williams04758_osc.wpd          2

Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **forty-five (45) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

DATED:   August 31, 2007

JAMES WARE
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.04\Williams04758_osc.wpd        3